# FILED

APR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA KOB, | No. 09-17892 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02211-JL |
| v. | |
| COUNTY OF MARIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Argued and Submitted March 18, 2011

San Francisco, California

Before:     HUG and W. FLETCHER, Circuit Judges, and REAVLEY, Senior
Circuit Judge.**

Barbara Kob appeals the district court's grant of summary judgment to the

County of Marin on her claims of Equal Pay Act violations, sex discrimination,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Thomas M. Reavley, Senior United States Circuit
Judge for the Fifth Circuit, sitting by designation.

hostile work environment, and retaliation. She also appeals the district court's grant of summary judgment to the County on her claim that the County of Marin has a pattern and practice of discriminating on the basis of sex. We affirm the district court.

Kob has not provided evidence that her position was substantially equal to the Administrative Services Manager position for purposes of the Equal Pay Act. 29 U.S.C. § 206(d); 29 C.F.R. § 1620.13; *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999). The position descriptions show, and the testimony in the record confirms, that the Administrative Services Manager and the Mediation Services Manager handle different core tasks. Additionally, Kob provided no evidence to show that the Mediation Services Manager position is substantially equal to the probation supervisor position. The mere fact that the two positions may be at the same level in the organizational hierarchy is not sufficient to make out an Equal Pay Act claim. *See Gunther v. Wash. Cnty.*, 623 F.2d 1303, 1309 (9th Cir. 1979).

Kob has not produced evidence that she was discriminated against on the basis of sex. While some of her managers' comments were unpleasant and occasionally unprofessional, none of the managers' actions produced a material change in the terms and conditions of Kob's employment for purposes of Title VII.

2

*See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125-26 (9th Cir. 2000). Kob retained her core managerial duties over the Mediation Department; received a performance rating that was, on balance, positive or neutral; and was able to reorganize her duties to cope with an expanded workload. Her managers' offensive comments were not severe enough to create a hostile work environment. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1111 (9th Cir. 2000). Finally, as already explained, Kob has not shown that she was paid less than her similarly situated male counterparts. Because she did not produce sufficient evidence of adverse actions taken against her, she cannot make out a discrimination claim.

For similar reasons, Kob has not produced sufficient evidence on her retaliation claim to survive summary judgment. Although the definition of "adverse action" is broader in the retaliation context than the discrimination context, none of the post-complaint actions Kob points to amount to adverse actions. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75 n.8 (1990); *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000).

Finally, Kob did not produce evidence that the County has a pattern or practice of discriminating on the basis of sex in violation of the Fourteenth Amendment. There was no evidence, including in her own case, that the County had discriminated against women who sought promotions, intentionally paid

3

women less than their male counterparts, retaliated against women who filed

discrimination complaints, or otherwise adopted a custom or practice of

discrimination. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658

(1978); *Washington v. Davis*, 426 U.S. 229, 239-41 (1976).

**AFFIRMED.**